```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         OCALA DIVISION
```

RONNIE C. WILLIAMS,

      Petitioner,

v.                              Case No: 5:12-cv-238-Oc-29PRL

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS and FLORIDA ATTORNEY GENERAL,

      Respondents.[1]

_____

### ORDER OF DISMISSAL WITH PREJUDICE

This matter comes before the Court upon Petitioner Ronnie C. Williams' (Petitioner's) petition for writ of habeas corpus (Doc. #1) filed on May 11, 2012.[2] The Court ordered Respondent to show

---

[1] The proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action. Rumsfield v. Padilla, 542 U.S. 426, 435-36 (2004); Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received

cause why the relief sought in the petition should not be granted. (Doc #6.) On August 17, 2012, Respondent filed a limited response incorporating a motion to dismiss the habeas petition as time-barred.³ (Doc. #8.) Respondent submits exhibits (Ex. A-PP) in

---

and file-stamped by the Court on that particular date." <u>Thompson v. State</u>, 761 So. 2d 324, 326 (Fla. 2000).

³On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review

- 2 -

support of the Response.  (See Appendix of Exhibits.)  Petitioner filed a reply to the Response (Doc. #10) on October 19, 2012. This matter is ripe for review.

After carefully examining the petition, the Response, the state court record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d)(1).

**I.**

In 2007, Petitioner plead guilty to one count of attempted second degree murder (Ex. B.)  Petitioner's sentence was *per curiam* affirmed on direct appeal on November 25, 2008.  (Ex. N.) Consequently, Petitioner's state conviction became final on **February 23, 2009.**  See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed); see also Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006)(holding entry of judgment, not issuance of mandate, is the event that starts the running of time for seeking Supreme Court review).[4]  This was after the April 24, 1996, effective date of

---

 with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to

the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **February 23, 2010**.[5] Consequently, the Petition filed in this Court on May 11, 2013, would be untimely, unless Petitioner availed himself of one of the statutory provisions that extends or tolls the time period, or Petitioner can demonstrate that he is entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

1. **Tolling of Federal Limitations Period**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Petitioner filed his first Rule 3.850(d) motion on August 10, 2009, at which point **168 days** of his AEDPA limitations period had lapsed. (Ex. V.) On October 27, 2009, the state trial court dismissed four claims without prejudice to Petitioner filing an amended motion and denied the remaining five. (Ex. W.) Petitioner filed an amended 3.850 motion for post-conviction relief on

---

file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5]Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

December 17, 2009. (Ex. Z.) The Fifth Judicial Circuit Court denied Petitioner's amended 3.850 motion. (Ex. BB.) The Fifth District of Appeals *per curiam* affirmed the matter on **August 3, 2010**. (Ex. DD.) Therefore, the time in which Petitioners 3.850 motion was pending, August 10, 2009 through August 3, 2010 (**359 days**) was tolled.[6]

On September 9, 2010, Petitioner filed a 3.800(a) motion to correct sentence. (Ex. HH.) The Fifth District Court of Appeals *per curiam* affirmed the appeal from the denial of his 3.800 motion on June 7, 2011. (Ex. KK, LL.) Therefore, the time in which Petitioner's 3.800 motion was pending (**271 days**), was also tolled. Thus, Petitioner has a total of 630 days (359 +271) of tolled time.[7]

The AEDPA limitations period then ran from June 8, 2011 through the date the instant petition was filed on May 8, 2013 adding **335 days** of untolled time. Therefore, **503 total days** of

---

[6] Petitioner also filed a state habeas corpus petition on August 21, 2009. (Ex. V.) However, the time during which Petitioner's state habeas was pending was encompassed within the time-frame his 3.850 motions and appeal were pending. Therefore, this filing offers no additional tolling.

[7] On August 16, 2011, Petitioner filed an untimely motion seeking to invoke the discretionary jurisdiction of the Florida Supreme Court with regard to his direct appeal. (Ex. FF, OO.) The Florida Supreme Court dismissed the matter for lack of jurisdiction on September 13, 2011 (28 days). (Ex. GG, PP.) Even if the Court included the 28 days Petitioner's untimely motions were pending, Petitioner's petition would still be untimely.

the AEDPA statute of limitations had lapsed when Petitioner filed his habeas petition. Thus, the instant Petition is subject to dismissal because it is untimely unless Petitioner is entitled to equitable tolling.

**2.   Equitable Tolling**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645. Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (finding "rare circumstances" merit a finding of equitable tolling). Here, Petitioner articulates no reasons why he should be entitled to equitable tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014)(emphasizing a petitioner's burden in establishing entitlement to equitable tolling).

Consequently, the Court finds that the instant Petition is untimely and does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice as time-barred**.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___1st___ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record